UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 12709 WGY

DOCKET NO.: _____

| | |
|---|---|
| JAMES T. RICHARDS | ) |
| | ) |
| VS. | ) |
| | ) |
| STEPHEN KING | ) |
| SIMON AND SCHUSTER, INC. | ) |

**AMENDED COMPLAINT**
**PETITION FOR INJUNCTIVE RELIEF**

1) Plaintiff is a citizen of 4 Martindale Rd., Randolph, MA 02368 with a current residence of James T. Richards, 22410, Norfolk County Correction Center, PMX-5, 200 West St., Dedham, MA 02027-0149.

2) Defendant Stephen King is a resident of 49 Florida Avenue, Bangor, Maine, 04401.

3) Defendant Simon and Schuster, Inc. is a corporation with headquarters at 1230 Avenue of the Americas, New York, NY 10020.

4) Plaintiff claims that the two defendants in this case infringed plaintiff's registered copyrights and claims relief under 17 U.S.C. 501, which gives this court jurisdiction.

5) This court also has jurisdiction due to the diversity of the citizenship of the parties, and because the amount of damages is well in excess of $75,000.00.

6) In the autumn of 1987, plaintiff moved from Massachusetts to a house which he had purchased at 21 Fifteenth Street, Bangor, Maine to finish a book he had been writing.

7) Prior to moving to Maine in 1987, plaintiff had worked for a Addison-Getchell Corporation, a book publisher in Boston.

8) Some time in 1988, plaintiff completed his manuscript and sent copies of the manuscript to several book publishers.

9) At approximately the same time plaintiff sent his manuscript to the book publishers or shortly thereafter, plaintiff sent a copy of the manuscript to defendant King, who lived only a few streets over from plaintiff in Bangor, Maine.

10) Also at approximately the same time, plaintiff sent a copy of the manuscript to the Register of Copyrights, Library of Congress, Washington, D.C. and had the manuscript registered as "The Selling of the President - 2000", with James T. Richards registered as the author.

11) Plaintiff approximately two years later had another version of the aforementioned manuscript registered with the Copyright Office under the name "Traveling Through a Psychotic World", again with James T. Richards registered as the author.

12) Plaintiff at other subsequent times had different versions of this work registered with the copyright office under various names.

13) The copyright registration numbers for this work include TXu-666-067; TXu-309-539; TXu 521-439.

14) Plaintiff never heard anything from defendant King regarding the manuscript.

15) Plaintiff did not sell any rights to his manuscript to any of the book publishers to whom he sent his manuscript, or to anyone else.

16) Several weeks ago, plaintiff read for the first time the book, "The Green Mile", which was written by defendant Stephen King.

17) The softcover book, "The Green Mile" by Stephen King was published by Pocket Books, a division of defendant Simon and Schuster, Inc.

18) In the book "The Green Mile", one of the main characters is one "John Coffey", an African-American male who has extraordinary healing powers and who was falsely convicted of a crime, in part due to confusion by law enforcement officials about his healing powers.

19) In plaintiff's manuscript, on page one or two of the manuscript in several versions of the manuscript, plaintiff introduces a character named "John Coffey", a native American who has extraordinary healing powers and who has trouble with the legal authorities because of those healing powers.

20) In plaintiff's manuscripts, in a number of places, plaintiff writes about the healing powers of John Coffey and how his activities relating thereto get Coffey into trouble with law enforcement officials.

21) Plaintiff contends that in his book, "The Green Mile", defendant King used the ideas contained in plaintiff's manuscript which plaintiff sent to defendant King, without attribution or consent, and thereby violated plaintiff's copyright to the material.

22) Defendant King wrongfully and illegally sold his illegally-obtained copyright to the book, "The Green Mile" to Warner Brothers, Inc.

23) Warner Brothers, Inc. made a movie of the book "The Green Mile" which was also entitled "The Green Mile".

24) Plaintiff is currently in the process of obtaining all the records of his copyrighted material and copies thereof, and the registration numbers of the copyrights, but it is taking him time because he is incarcerated.

25) Plaintiff needs to file this lawsuit now because he fears that if he doesn't, he will run into statute of limitation problems.

26) As soon as possible, plaintiff will hire a copyright attorney to represent him in this case, and he will include the hardcover book publisher and Warner Brothers as defendants.

Wherefor, plaintiff seeks the following relief:

1) that the court enjoin defendant King from further selling any material which was based on anything written by plaintiff;

2) that the court enjoin defendant Simon and Schuster, the publisher of "The Green Mile", from further selling any more of said-entitled book, or any other material based on anything plaintiff has written;

3) that the court enjoin Warner Brothers, Inc., the producers of the movie, "The Green Mile", from further showing any broadcasts of "The Green Mile" until the matters in this lawsuit are resolved;

4) that the court award damages to plaintiff of ten million dollars or an amount which is consistent with what the copyright statutes allow, whichever is greater;

5)  that the court order the defendants to pay for the costs of this lawsuit;

6)  that the court issue such other orders as it deems fair and just.

Plaintiff requests a jury trial in this action.

Date: 12/22/04

Respectfully submitted,

James T. Richards, 22410, pro se
N.C.C.C., PMX-5
200 West St., PO Box 149
Dedham, MA 02027-0149