IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES T. RICHARDS,<br><br>   Plaintiff,<br><br>v.<br><br>STEPHEN KING, SIMON AND SCHUSTER,<br>INC. and WARNER BROTHERS, INC.<br><br>   Defendants | CIVIL ACTION<br>NO. 04-12709-WGY |

**ANSWER OF DEFENDANTS SETPHEN KING,
SIMON AND SCHUSTER, INC. AND WARNER BROS.
ENTERTAINMENT, INC. TO THE SECOND AMENDED COMPLAINT**

Defendants, Stephen King, Simon & Schuster, Inc. and Warner Bros. Entertainment Inc., by their attorneys, Peter Herbert, Esq. and Hinckley, Allen & Snyder LLP, answer the Second Amended Complaint (the "Complaint"), as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 and therefore deny the same.

2. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Complaint and therefore deny the same, except defendant King admits that he resides at 49 Florida Avenue, Bangor, Maine 04401.

3. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Complaint and therefore deny the same, except defendant Simon & Schuster, Inc. ("Simon & Schuster") admits that it is a corporation with its principal place of business at 1230 Avenue of the Americas, New York, New York 10020.

4. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Complaint and therefore deny the same, except defendant Warner Bros. Entertainment Inc. admits that it is successor in interest to Warner Bros., a division of Time Warner Entertainment Company, L.P. with its principal place of business at 4000 Warner Boulevard, Burbank, California 91522.

5. Defendants admit that plaintiff purports to allege claims under the copyright laws of the United States, 17 U.S.C. §§ 101 et. seq., as amended (the "Copyright Act") and deny the remaining allegations of paragraph 5 of the Complaint.

6. Defendants deny the allegations set forth in paragraph 6 of the Complaint.

7. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Complaint and therefore deny the same.

8. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Complaint and therefore deny the same.

9. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Complaint and therefore deny the same.

10. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Complaint and therefore deny the same, except defendant King denies knowing or having ever known any individual by the name of James Richards, or ever having seen a literary manuscript purportedly written by one James Richards.

11. Defendants admit that, on December 23, 1987, the Register of Copyrights, Copyright Office, Library of Congress, Washington, D.C. (the "Copyright Office")

registered a claim to copyright (Registration No. TXu 309-539) of one James T. Richards, with an address described as 21 15th Street, Bangor, Maine 04401, in a literary work alternatively entitled "The Selling of the President - 2000" or "The Selling of the President – 2000 (A Primer for High School Students)."  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 11 of the Complaint and therefore deny the same.

12.     Defendants admit that, on May 29, 1992, the Copyright Office registered a claim to copyright (Registration No.TXu 521-439) of one James Thomas Richards, with an address described as 507 Pleasant Street, Apt. 401, Malden, Massachusetts 02148, in a literary work alternatively entitled "Don't Shoot Me, I'm Only Psychotic" or "The Selling of the President – 2000," described as also the subject of Registration No. TXu 309-539, filed December 23, 1987.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 12 of the Complaint and therefore deny the same.

13.     Defendants admit that, on December 22, 1994, the Copyright Office registered the claim to copyright (Registration No. TXu 666-067) of one James T. Richards, with an address described as 12 Short Street, Apt. 2, Attleboro, Massachusetts 02703, in a literary work alternatively entitled "Traveling Through A Psychotic World" or "The Selling of the President – 2000/ Don't Shoot Me, I'm Only Psychotic". Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13 of the Complaint and therefore deny the same.

14. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Complaint and therefore deny the same, and respectfully refer to the responses set forth in paragraphs 11, 12 and 13 above.

15. Defendants lack knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 15 of the Complaint and therefore deny the same, except defendant King admits never having communicated or ever having had any reason to communicate with an individual by the name of James Richards.

16. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of the Complaint and therefore deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the Complaint and therefore deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18 of the Complaint and therefore deny the same, except defendant Simon & Schuster admits that Pocket Books, a division of Simon & Schuster, published the soft cover edition of the novel entitled "The Green Mile," written by defendant Stephen King (the "King Novel").

19. Defendants deny the allegations of paragraph 19 of the Complaint, and refer to the King Novel for a complete and accurate description of its contents.

20. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 20 and therefore deny the same.

21. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 21 and therefore deny the same.

22. Defendants deny the allegations of paragraph 22 of the Complaint, and refer to plaintiff's Second Amended Complaint for a description of plaintiff's claims and contentions in this action.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the Complaint and therefore deny the same, except defendant Warner Bros. Entertainment, Inc. admits that Warner Bros., of which defendant Warner Bros. Entertainment, Inc. is successor in interest, produced and distributed the motion picture adaptation of the King Novel similarly entitled "The Green Mile."

25. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 25 of the Complaint and therefore deny the same.

26. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 26 of the Complaint and therefore deny the same.

27. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 27 of the Complaint and therefore deny the same.

## FIRST AFFIRMATIVE DEFENSE

28. The allegations pleaded in the Complaint fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred by the three year statute of limitations applicable to claims of infringement asserted under the Copyright Act.

## **THIRD AFFIRMATIVE DEFENSE**

30. Plaintiff's claims are barred by the equitable doctrine of laches.

WHEREFORE, defendants respectfully request that this Court grant judgment:

    A. Dismissing the Complaint with prejudice;

    B. Awarding to defendants their costs, including reasonable attorneys fees; and

    C. Ordering such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        STEPHEN KING, SIMON & SCHUSTER AND WARNER BROS. ENTERTAINMENT, INC.

        Defendants

        By their attorneys,

        /s/ Peter Herbert
        Peter Herbert (admitted Pro Hac Vice)
        500 Fifth Avenue, 33rd Floor
        New York, New York 10110
        Tel: (212) 930-1203

        -and-

        /s/ Amy B. Spagnole
        William R. Grimm (BBO# 212120)
        Amy B. Spagnole (BBO#645304)
        HINCKLEY, ALLEN & SNYDER, LLP
        28 State Street
        Boston, Massachusetts 02109
        Tel: (617) 345-9000
        Fax: (617) 345-9020

Dated March 7, 2005

## **CERTIFICATE OF SERVICE**

I, Amy B. Spagnole, hereby certify that on the 7th day of March, 2005, I caused a copy of the foregoing Answer to be served via first class mail, postage pre-paid on Plaintiff James T. Richards, N.C.C.C., TMX-17, 200 West Street, PO Box 149, Dedham, MA 02027-0149.

        /s/ Amy B. Spagnole
        Amy B. Spagnole